**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff** | § | |
| **v.** | § | **NO: 4:25-cv-1992** |
| | § | |
| **JAMES RIVER INSURANCE, COMPANY** | § | |
| | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF FEDERAL INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT**

Plaintiff Federal Insurance Company ("Federal") files its Original Complaint against James River Insurance Company and respectfully shows the Court the matters set forth below:

## I.
## PARTIES

1. Plaintiff Federal is an Indiana corporation with its principal place of business in New Jersey. Federal is therefore a citizen of Indiana and New Jersey for purposes of diversity jurisdiction.

2. Defendant James River Insurance Company ("James River") is an Ohio company with its principal place of business in Virginia and is therefore a citizen of Ohio and New Jersey for purposes of diversity jurisdiction. James River has no registered agent in the State of Texas and can therefore be served with process by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, MC 112-2A, P.O. Box 149104, Austin, Texas 78714-9104 and the Commissioner can then forward process to James River Insurance Company, 6641 W. Broad, Suite 300, Richmond, VA 23230.

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Venue for this suit is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this district.

5. Specifically, James River issued both of its relevant insurance policies to an insured in Conroe, Texas through an insurer broker located in Houston, Texas.

## III.
## FACTUAL BACKGROUND

The Master Services Agreement

6. Parsley Energy Operations, LLC ("Parsley") is the named insured under liability insurance policies issued by Federal discussed below. Parsley is the owner/operator of a well-site known as the Patterson 5-8-2801 H Well (the "Well").

7. RMTDC Operations LLC d/b/a Total Energy Services ("Total") is the named insured under liability policies issued by James River discussed below.

8. Parsley and Total entered into a Master Services/Sales Agreement (the "MSA") under which Total agreed to provide goods and services to Parsley. The MSA provided that Total was an "independent contractor responsible for its own actions and for its own agents, employees and representatives."

9. With regard to insurance, the MSA provided in pertinent part:

> 12) Maintenance of Insurance. Contractor (Total) shall secure, and maintain at all times while this Agreement is in force, at Contractor's sole cost and expense **insurance coverages of the nature and with minimum limits equal to or in excess of the requirements set forth on Exhibit "A",**

> attached hereto and incorporated herein. The satisfaction of any deductibles or self-insured retentions attendant to said coverages shall be the sole responsibility of Contractor.
>
> **All insurance coverage carried by Contractor, to the extent allowed by law, shall name Company [Parsley] and its affiliates, parent and subsidiaries (both direct and indirect), as "additional insureds",** insofar as work performed under this Agreement is concerned, so that said insurance, with regard to the types of coverages required hereby, be made to extend to and protect Company to the same extent Contractor [Total] is covered relative to transactions governed by this Agreement. Said insurance coverage shall also be primary as to any other existing, valid and collectible insurance otherwise available to Company and shall be endorsed to waive, to the extent beneficial to Company but not otherwise, any and all claims by the underwriters or insurers against Company relative to transactions governed by this Agreement.

(emphasis added).

10. Exhibit A to the MSA provides:

> Contractor shall, subject to, limited by, and in accordance with the Master Service/Sales Agreement between the parties, purchase and maintain in full force and effect at all times during the term of this contract, from insurance providers acceptable to Company, policies providing the types and limits of insurance indicated below, **which insurance shall be regarded as a minimum and shall be primary as to any other existing, valid and collectable insurance.**
>
> Each insurance policy maintained by Contractor for work performed under this agreement must be endorsed as follows:
>
> ***
>
> 3. Parsley Energy, LP, Parsley Energy Operations, LLC, and their subsidiaries and affiliated companies, and their owners, co-owners, and joint ventures, if any, and their employees, directors, officers, agents are named as Additional Insureds" (Except the Workers Compensation policy)
>
> **To protect Parsley Energy, LP, Parsley Energy Operations, LLC**, and their subsidiaries and affiliated companies, and their

> owners, co-owners, and joint ventures, if any, and their employees, directors, officers, agents, **against liability, loss or expense arising from damage to property or injury to any person** arising out of, in connection with or resulting from the work provided for hereunder, Contractor shall, during the progress of work, carry, at its own expense, on forms and in reliable insurance companies authorized to do business in the state or area in which the work is to be performed hereunder, the following minimum insurance coverages:
>
> ***
>
> B. Commercial General Liability Insurance, with limits of liability of not less than the following:
>
> $1,000,000 general aggregate
> $1,000,000 each occurrence, Bodily Injury and/or Property Damage Combined Single Limit

(emphasis added).

<u>The Federal Insurance Policies</u>

11. Federal issued an Energy Industries General Liability Insurance policy, policy no. 3604-53-48 DAL to Parsley, effective August 1, 2017 to August 1, 2018 (the "Federal GL Policy"). The Federal GL Policy has an each occurrence limit of $1,000,000.

12. The Federal GL Policy provides:

***Conditions***

| | |
|---|---|
| *Other Insurance* | If other valid and collectible insurance is available to the **insured** for loss we would otherwise cover under this insurance, our obligations are limited as follows. |
| | *Primary Insurance* |
| | This insurance is primary except when the Excess Insurance provision described below applies. |
| | If this insurance is primary our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in the Method of Sharing provision described below. |
| | *Excess Insurance* |
| | This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis: |
| | A. that is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar |

insurance for **your work**;

B. that is insurance that applies to **property damage** to premises rented to you or temporarily occupied by you with permission of the owner;

C. if the loss arises out of aircraft, **autos** or watercraft (to the extent not subject to the Aircraft Or Watercraft or Auto exclusions);

D. that is insurance:

1. provided to you by any person or organization working under contract or agreement for you; or

2. under which you are included as an insured; or

E. that is insurance under any Property section of this policy.

When this insurance is excess, we will have no duty to defend the **insured** against any **suit** if any other insurer has a duty to defend such **insured** against such **suit**. If no other Insurer defends, we will undertake to do so, but we will be entitled to the **insured's** rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of the total:

- amount that all other insurance would pay for loss in the absence of this insurance; and
- of all deductible and self-insured amounts under all other insurance.

13. Under this provision, the Federal GL Policy is excess to any insurance provided to Parsley as an additional insured, including the coverage required to be provided to Parsley by Total under the MSA.

14. Federal issued a Chubb Commercial Excess And Umbrella Insurance policy, policy no. 7989-77-42 to Parsley, effective August 1, 2017 to August 1, 2018 (the "Federal Excess Policy"). The Federal Excess Policy has a per occurrence and aggregate limit of $20,000,000.

15. The Schedule of Underlying Insurance lists the Federal GL Policy as the scheduled underlying commercial general liability coverage.

16. The Federal Excess Policy provides:

***Conditions***

*Other Insurance* If other valid and collectible insurance is available to the **insured** for loss we would otherwise cover under this insurance, our obligations are limited as follows.

> This insurance is excess over any **other insurance**, whether primary, excess, contingent or on any other basis.
>
> We will have no duty to defend the **insured** against any **suit** if any provider of other insurance has a duty to defend such **insured** against such **suit**.
>
> We will pay only our share of the amount of **loss**, if any, that exceeds the sum total:
>
> - amount that all **other insurance** would pay for loss in the absence of this insurance; and
> - of all deductible and self-insured amounts under all **other insurance**.
>
> This insurance is not subject to the terms or conditions of any **other insurance.**

| | |
|---|---|
| ***Policy Definitions*** | **WITH RESPECT TO ALL COVERAGES UNDER THIS CONTRACT, WHEN USED WITH RESPECT TO INSURANCE UNDER THIS CONTRACT, WORDS AND PHRASES THAT APPEAR IN BOLD PRINT HAVE THE SPECIAL MEANING DESCRIBED BELOW.** |
| *Other Insurance* | **Other insurance** means any insurance affording coverage that this insurance would also afford.<br>**Other insurance** includes any type of self-insurance or other mechanism arranged for funding of **loss**.<br><br>**Other insurance** does not include **underlying insurance** or insurance negotiated specifically to apply in excess of this insurance. |
| *Underlying Insurance* | **Underlying insurance** means the coverage for the hazards described in the Schedule Of Underlying Insurance and the next renewal or replacement insurance thereof. |

17. Under these provisions, the Federal Excess Policy is not triggered until the Federal GL Policy is exhausted, and the Federal Excess Policy is therefore excess to any insurance provided to Parsley as an additional insured, including the coverage required to be provided to Parsley by Total under the MSA.

<u>The James River Insurance Policies</u>

18. James River issued a Freedom Pack Policy, policy no. 0063322-3 to RMTDC LLC dba Total Energy Services Total Energy Services, LLC effective July 30, 2017 to July 30, 2018, which included a Commercial General Liability Coverage Form (the "James River GL Policy"). The James River GL Policy has a per occurrence limit of $1,000,000.

19. The James River GL Policy provides:

> Throughout this policy the words "you" and "your" "refer to the Named Insured show in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning,. Refer to Section **V** – Definitions.
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . . .

20. The James River GL Policy is amended by an Additional Insured – Owners, Lessees Or Contractors – Scheduled Person Or Organization endorsement (CG 20 10 10 01) that provides in pertinent part:

**SCHEDULE**

| |
|---|
| **Name of Person or Organization:**<br><br>As required by written contract or written agreement in effect during this "policy period" and executed prior to the "occurrence" of any "bodily injury" or "property damage". |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement).

> **A. Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations for that insured.

21. The James River GL Policy was amended by a Coverage Extension – Primary and Non-Contributory Endorsement When Required By Written Contract Or Written Agreement that provides:

> Any coverage provided to the additional insured(s) shall be excess over any other valid and collectible insurance available to the additional insured(s) whether primary, excess, contingent or on any other basis unless a written contract or written agreement with the additional insured(s), executed prior to any claim or "suit", specifically requires that this insurance apply on a primary and non-contributory basis.

22. The MSA required Total to include Parsley as an additional insured on all liability insurance maintained by Total. The MSA further required that the insurance coverage provided to Parsley as an additional insured be primary to any other coverage.

23. Accordingly, for any liability arising out of Total's ongoing operations for Parsley, Parsley is an additional insured under the James River GL Policy and the James River GL Policy applies on a primary basis before the Federal GL Policy is exhausted, and before the Federal Excess Policy attaches.

24. James River issued a Commercial Excess Policy, policy no. 00063324-3 to Total effective July 30, 2017 to July 30, 2018 (the "James River Excess Policy") with a per occurrence and aggregate limit of $10,000,000.

25. The James River Excess Policy lists the James River GL Policy as scheduled underlying commercial general liability insurance.

26. The James River Excess Policy provides:

> **PROVISIONS**
>
> Various provisions in this policy restrict coverage. Read the entire policy and any underlying insurance(s) carefully to determine rights, duties and what is covered and not covered. Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations and **any other person or organization qualifying as an insured under the "underlying insurance".** The words "we" and "us" refer to the COMPANY shown in the DECLARATIONS. Other words and phrases that appear in quotation marks or bold print have special meanings. Refer to the Definitions – Section V.

(emphasis added).

27. Under this provision, if Parsley qualifies as an insured under the James River GL Policy, then Parsley also qualifies as an insured under the James River Excess Policy.

28. Accordingly, for any liability arising out of Total's ongoing operations for Parsley, Parsley is an additional insured under the James River Excess Policy.

29. The James River Excess Policy provides:

**SECTION I – EXCESS LIABILITY INSURANCE**

**INSURING AGREEMENT:**

We will pay those sums in excess of the scheduled "underlying insurance(s)" that you become legally obligated to pay as damages because of injury or property damage to which this insurance applies, provided that the damages would be covered by the scheduled "underlying insurance(s)", or would apply but for the exhaustion of the applicable Limits of Insurance.

This policy shall follow the terms, definitions, conditions and exclusions of the scheduled "underlying insurance(s)", subject to the policy period, policy limits, premiums and all other terms, definitions, conditions and exclusions of this policy. If any provisions of the scheduled "underlying insurance(s)" conflict with any provisions of this policy, the provisions of this policy will apply.

This policy will not in any event provide broader coverage than those provided by the scheduled "underlying insurance(s)".

The amount we will pay for damages shall not exceed the Limits of Insurance stated in **Item 4** of the Declarations.

***

**SECTION VI – CONDITIONS**

If any conditions of the scheduled "underlying insurance(s)" conflict with any conditions of this policy, the conditions of this policy will apply.

***

2) **Other Insurance**

This insurance is excess over any other valid and collectible insurance whether primary, excess, contingent, or any other basis, except any other insurance written specifically to be excess over this policy.

30. Under these provisions, the additional insured coverage provided to Parsley under the James River Excess Policy is primary to the coverage provided to Parsley under the Federal GL Policy and the Federal Excess Policy.

31. The James River GL Policy and the James River Excess Policy are collectively referred to as the James River Policies.

<u>The Underlying Lawsuit and Settlement</u>

32. Total hired Daniel Ramirez d/b/a RPM Co. ("Ramirez") as independent contractor. Ramirez was directing operations at the Well on the date of the accident described below.

33. On November 29, 2017, David Salmons, an employee of Lone Star Well Service ("Lone Star") was working at the Well, when he was thrown from the rig and sustained serious injuries that resulted in permanent paralysis from mid-back down.

34. In 2018, Salmons, Individually and as next friend of his minor child (the "Underlying Plaintiffs"), filed a lawsuit styled *David Salmons, Individually and as Next Friend of Kinsley Elaine Salmons, Minor Child v. Parsley Energy Operations, LLC, Oilfield Fishing and Rental LLC, Daniel Ramirez d/b/a RPM Co., RMTDC Operations d/b/a Total Energy Services*, Cause No. D-18-05-0490-CV in the 358th Judicial District Court, Ector County, Texas (the "Underlying Lawsuit"). Salmons alleged that Ramirez failed to ensure Salmons was warned of worksite hazards and directed Lone Star to use an unsafe practice for their work.

35. On July 24, 2024, Federal, on behalf of its named insured, Parsley, sent a letter seeking coverage for the claims asserted in the Underlying Lawsuit as an additional insured under the James River GL Policy issued to Total because the alleged liability arose out of Total's ongoing

operations for Parsley given that Ramirez was supplied to Parsley as a worksite consultant for the Well.

36. James River has never accepted or denied coverage for Parsley as an additional insured under the James River Policies.

37. The Underlying Lawsuit was mediated on September 17, 2024. At the conclusion of the mediation, the Underlying Plaintiffs agreed that they would settle for a confidential sum (the "Confidential Settlement Amount"). James River refused to provide the amount proposed to be allocated to it for the Confidential Settlement Amount.

38. On October 9, 2024, Federal sent a letter to James River asserting that Parsley qualifies as an additional insured under both the James River GL Policy and the James River Excess Policy. Federal demanded that James River acknowledge Parsley's status as an additional insured under the James River Policies and that James River contribute to the Confidential Settlement Amount on behalf of Parsley by satisfying the amount apportioned to James River following the mediation.

39. James River continued to refuse to contribute the full amount being sought from it, and instead only agreed to contribute a partial amount.

40. With the settlement opportunity set to expire, and to protect its named insured, Parsley, Federal agreed that in addition to paying the amount initially sought from it following the mediation, it would also pay the amount that was sought from James River, to bridge the gap left by James River's refusal to pay the full amount sought.

41. Federal and James River each agreed to contribute specified amounts toward the Confidential Settlement Amount. In their agreement, Federal and James River agreed that the payment by Federal was not as a volunteer, and Federal expressly reserved the right to seek

reimbursement from James River for the coverage owed by James River to Parsley as an additional insured.

42. Because Parsley qualified as an additional insured under both the James River GL and the James River Excess Policy, and because the MSA required that the insurance provided by Total be on a primary basis, Federal is entitled to reimbursement from James River for the entirety of the amount it contributed to the Confidential Settlement Amount, up to the remaining limits of the James River Policies.

## IV.
## CAUSES OF ACTION

### A. Declaratory Relief

43. The allegations in the foregoing paragraphs are incorporated and restated herein by reference.

44. Federal and Parsley assert that Parsley is an additional insured on the James River Policies and entitled to insurance coverage under the James River Policies.

45. James River disputes that Parsley is an additional insured on the James River Policies and asserts no coverage is owed to Parsley under the James River Policies.

46. A dispute therefore exists between Federal and James River as to Federal and Parsley's rights under the James River Policies.

### B. Breach of Contract

47. The allegations in the foregoing paragraphs are incorporated and restated herein by reference.

48. Federal is the equitable and contractual subrogee of Parsley's rights and causes of action against James River as an additional insured under the James River Policies.

49. James River breached its contract with Parsley by failing to indemnify Parsley in connection with the settlement reached in the Underlying Lawsuit. As a result of the breach, Federal sustained actual damages, including without limitation the amount of the payment it was compelled to involuntarily make to settle the claims asserted against Parsley in the Underlying Lawsuit. Federal is entitled to full reimbursement from James River for all amounts paid by Federal in connection with the settlement of the Underling Lawsuit, up to the remaining limits of the James River Policies.

50. Federal, as subrogee of Parsley, made a demand on James River for reimbursement of the damages it sustained. Despite the demand, James River has failed and refused to pay the amounts it is required to pay under the James River Policies. As a result, Federal has been forced to retain the undersigned counsel to prosecute this action. Federal is entitled to recover its attorney’s fees incurred in this action pursuant to section 38.001 of the Texas Civil Practice & Remedies Code.

51. Federal has fully performed any and all conditions precedent to full recovery in this lawsuit.

**C. Equitable Subrogation**

52. The allegations in the foregoing paragraphs are incorporated and restated herein by reference.

53. James River is obligated to provide coverage to Parsley under the James River Policies.

54. James River has refused to provide coverage to Parsley under the James River Policies.

55. As a result of James River's refusal to provide coverage to Parsley, Federal was required to bear a larger burden than it should in providing coverage to Parsley, their mutual insured.

56. Federal is entitled to equitable contribution and/or subrogation from James River for amounts Federal paid for Parsley over and above Federal's obligation to do so.

## V.
## PRAYER

WHEREFORE, Federal Insurance Company respectfully prays it recover judgment against Defendant James River Insurance Company for all of its actual damages, court costs, reasonable and necessary attorney's fees, and pre-judgment and post-judgment interest and other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/Marcie L. Schout*
MARCIE L. SCHOUT
State Bar No. 24027960
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
mschout@qslwm.com

Christopher P. Hemphill
Cohn Baughman
525 West Monroe Street, Suite 1500
Chicago, IL 60661
(312) 753-6616 (office)
(708) 602-5118 (preferred)
christopher.hemphill@mclolaw.com

**ATTORNEYS FOR FEDERAL INSURANCE COMPANY**